# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DEWAYNE WINCHESTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-307-R |
| | ) |
| JUSTIN JONES, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered June 3, 2011 [Doc. No. 55] and Petitioner's Objections to the Report and Recommendation [Doc. No. 56]. The Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that Petitioner's request for an evidentiary hearing also be denied. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objections.

As to his inability to present mitigating evidence because he did not waive a jury trial, Petitioner argues that Okla. Stat. tit. 22, § 973, which he says confers a "right" to present mitigating evidence in a bench trial but not in a jury trial, is unconstitutional as a violation of Petitioner's due process rights under *Hicks v. Oklahoma*, 447 U.S. 343, 346 100 S.Ct. 2227, ___, 65 L.Ed.2d 175, 180 (1980) and also his equal protection rights. He points out that two judges of the Oklahoma Court of Criminal Appeals would have found this statute unconstitutional as a deprivation of individualized sentencing. Petitioner distinguishes *Scrivner v.Tansy*, 68 F.3d 1234 (10th Cir. 1995), cited by the Magistrate Judge, on the ground that it did not involve a statute allowing the presentation of mitigating evidence in bench trials but not in

jury trials. Pointing to Judge Chapel's dissent in *Malone v. State*, 58 P.3d 208, 211 n. 6 (Okla. Crim. App. 2002)(J. Chapel, *dissenting*), Petitioner argues that *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), also cited by the Magistrate Judge, "does not stand for any proposition broader than that *Harmelin's* sentence was not disproportionate to his crime." Objections at p. 4. But Petitioner also says that *Harmelin* shows that a majority of the Justices believed that individualized sentencing is a right of persons convicted of noncapital crimes and "[i]f there is a clearly established precedent in *Harmelin*, it is that there should be some right of mitigation." *Id.* at p. 5. Petitioner agrees with the Magistrate Judge that *Graham v. Florida*, 560 U.S. ___, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) is distinguishable because it involved a juvenile, but Petitioner also states that it is perfectly analogous and dictates that Petitioner's Eighth Amendment rights were violated. Finally, Petitioner argues that *McGautha v. California* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), cited by the Magistrate Judge, "did not absolutely hold that tension between constitutional rights would not apply in a situation where, as here, some criminal defendants enjoy the right of allocution and some do not." Objections at p. 6. Rather, he points out that *McGautha* dealt with laws that provided for a unitary trial where no defendant had the right to allocute if the defendant chose to remain silent for purposes of the trial on guilt.

The Magistrate Judge also found that Petitioner's claim based upon his supposed forced choice between constitutional rights is barred by an anticipatory procedural default. Petitioner, however, argues that he was not "equipped to sort out the complexities of procedural bar jurisprudence," Objections at p. 7, as cause for his procedural default and, in any event, he

2

asserts that if he were now to return to state court for post-conviction proceedings, cause for his default would lie in his counsel's ineffectiveness in failing to raise this issue. Petitioner reasserts his request for an evidentiary hearing to present mitigating evidence he would have presented at trial had he been afforded that opportunity and suggests that it is not fair to penalize him for not describing what that evidence would be until his counsel is granted funds to investigate and an opportunity to adduce that evidence.

The Court fully concurs in the Magistrate Judge's analysis of Petitioner's claim that he was forced to make a choice between constitutional rights and the unfairness of inability to present mitigating evidence in a jury trial when that opportunity would be available in a bench trial. Moreover, the Court fully concurs in the Magistrate Judge's analysis of the governing case law and the case law cited by Petitioner. By choosing a jury trial, Petitioner gave up the opportunity to speak to the sentencing judge through allocution but in doing so, Petitioner forfeited only a statutory right, *see* Okla. Stat. tit. 22, § 983, not any constitutional right. *See Harvey v. Shillinger*, 76 F.3d 1528, 1534 (10th Cir,. 1996)(no federal constitutional right to allocution); *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995)(same), *citing Harmelin v. Michigan*, 501 U.S. 957, 995, 111 S.Ct. 2680, 2701-02, 115 L.Ed.2d 836 (1991). No Eighth amendment violation occurred because Petitioner received a sentence of life imprisonment without parole for first degree murder but could not present mitigating evidence. *See Harmelin v. Michigan*, 501 U.S. at 995, 111 S.Ct. 2680, 115 L.Ed.2d at 864-65. *See also Scrivner v. Tansy*, 68 F.3d at 1240 (no violation of Eighth Amendment, due process or equal protection rights occurs when trial court does not consider mitigating factors during sentencing in a noncapital

case). The Court disagrees with the Petitioner and Judge Chappell's interpretation of *Harmelin*. It was on the issue of proportionality that there was no opinion of the Court, not on the issue of whether failure to consider mitigating evidence in a non-capital case violates the Eighth Amendment.

The case of *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) is inapposite and of no assistance to Petitioner. In *Hicks*, the United States Supreme Court held that the state deprived the petitioner of his liberty without due process of law when it affirmed the petitioner's 40-year sentence imposed by the jury under an unconstitutional statute requiring a mandatory 40-year sentence when the jury should have been instructed that they could impose any sentence of not less than ten years. The Petitioner's liberty interest in *Hicks* was "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion," *id.*, 447 U.S. at 346, 100 S.Ct. 2227, 65 L.Ed.2d at 180, as opposed to necessarily being given a 40-year sentence. Petitioner in this case can point to no similar liberty interest. Section 973 of Title 22 creates no right to or liberty interest in allocution even in favor of those to be sentenced by the court following a guilty plea or a bench trial and guilty verdict and it certainly creates no liberty interest in allocution before sentencing in favor of those, like Petitioner, who do not waive a jury trial. A fortiori, Petitioner cannot claim any denial of equal protection because a court may, in its discretion, hear mitigating or aggravating circumstances summarily prior to sentencing where the extent of punishment is left to the court, pursuant to Okla. Stat. tit. 22, § 983.

Petitioner asserts that his case is analogous to *Graham v. Florida*, 560 U.S.___, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) and in fact argues that there is no logical difference between Petitioner's case and *Graham*. He states that "[b]oth involve Eighth Amendment violations." Objections at p. 5. In *Graham*, the defendant was in two categories making him less deserving of the most serious forms of punishment: 1) he was a juvenile and the Court had already held that because juveniles have lessened culpability they are less deserving of the most severe punishments, *Graham*, 176 L.Ed.2d at 841, and 2) he had not killed, intended to kill or foreseen that life would be taken, making him "categorically less deserving of the most serious forms of punishment than are murderers." *Id.* at 842. The Supreme Court said that it therefore followed that "when compared to an adult murderer, a juvenile offender who does not kill has twice diminished moral culpability." *Id.* The Court further concluded that the penalogical justifications were not adequate to justify the imposition of a sentence of life without parole for juvenile non-homicide offenders, and that the Eighth Amendment forbids such a sentence for them. *Id.* at 845.

Petitioner herein falls in neither of the categories that make him less deserving of the most severe punishments. He is neither a juvenile nor a non-homicide offender. Hence, *Graham v. Florida* is inapposite and provides no support for Petitioner's claim that his Eighth Amendment rights were violated.

The Magistrate Judge did not cite *McGautha v. California*, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) for the proposition that Petitioner's due process or equal protection rights were not violated because he had no right of allocution while defendants in Oklahoma who

5

waive a jury trial may be afforded an opportunity to allocute before sentencing, as Petitioner seems to suggest. The Court has already addressed Petitioner's due process and equal protection arguments.

Petitioner's objections to the merits of his claim relating to his inability to present mitigating evidence are without merit. Additionally, for the reasons cited by the Magistrate Judge, *see* Report and Recommendation at pp. 26.-30, Petitioner's request for oral argument is DENIED. Petitioner's argument that he could not specify the mitigating evidence that he was unable to present at trial and wants to present at an evidentiary hearing until his counsel receives funds and has an opportunity to investigate is disingenuous and defies common sense. Moreover, Petitioner does not even address the other reason the Magistrate Judge recommended denial of an evidentiary hearing – Petitioner's inability to satisfy the rigorous test for an evidentiary hearing under the AEDPA. *See* Report and Recommendation at p. 26 & pp. 27-30.

The Magistrate Judge also concluded that Petitioner's claim relating to his inability to present mitigating evidence was subject to an anticipatory procedural default and Petitioner has objected to this conclusion, as noted above. First, Petitioner's basic ignorance of the rules or law does not establish cause. *See Watson v. New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995). Cause may be shown only where a petitioner's alleged lack of knowledge is due to a lack of reasonable access to the rules or law. *Id.* Petitioner's argument that he was not "equipped to sort out the complexities of the procedural bar jurisprudence" does not meet this standard and does not demonstrate cause. Secondly, as explained by the Magistrate Judge, Petitioner's appellate counsel's failure to raise the *Simmons* issue would not establish cause for his procedural default

and avoid waiver of that claim if Petitioner were to return to state court by filing a second application for post-conviction relief because Petitioner did not assert ineffective assistance of his appellate counsel in that regard in his first post-conviction proceeding. *See* Report and Recommendation at pp. 25-26.

In Petitioner's Objection to the Report and Recommendation's treatment of Petitioner's claim relating to the failure to give a lesser included offense instruction, he acknowledges that *Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, __, 65 L.Ed.2d 392, 396 (1980) does not apply to noncapital cases such as his but argues that the punishment of life without the possibility of parole is so severe that *Beck* should be extended when a defendant is subject to that sentence. He also suggests the failure to give a lesser included offense instruction as permitted under Okla. Stat. tit. 22, § 916 amounts to a violation of due process under *Hicks v Oklahoma, supra*.

The Supreme Court has declined to extend *Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, __, 65 L.Ed.2d 392, 396 (1980)to noncapital cases, *id.*, 447 U.S. at 638 n. 14, 100 S.Ct. 2382 n. 14, 65 L.Ed.2d 392, 403 n. 14, so this Court cannot say that the Oklahoma Court of Criminal Appeals' rejection of this claim was contrary to or an unreasonable application of Supreme Court precedent.

Section 916 of Title 22 does not create an absolute right to a lesser included offense instruction or a liberty interest protected by the Due Process Clause in not being convicted of an offense unless a lesser included offense and/or attempt instruction is given. Moreover, the evidence in the case did not support the giving of a heat of passion manslaughter instruction or

attempt instruction. *See Darks v. Mullin*, 327 F.3d 1001, 1009 (10th Cir. 2003), quoting *Darks v. State*, 954 P.2d 152, 161 (Okla. Crim. App. 1998). Additionally, the Tenth Circuit has established a rule of "automatic nonreviewability" for claims based upon a state court's failure, in a noncapital case, to give a lesser included offense instruction. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004)(citation omitted). Petitioner is not entitled to relief on this claim.

The Magistrate Judge assumed that a Confrontation Clause violation occurred when the trial court allowed the State to introduce the first petition for a victim protection order but, applying the five-factor analysis set forth in *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, __, 89 L.Ed.2d 674, 686-87 (1986), found that the error was harmless because it did not substantially and injuriously lead the jury to recommend ineligibility for parole with the mandatory life sentence. Petitioner in his Objection does not argue for a different analysis but only for a different result – that the introduction of the petition, considering the *Van Arsdall* factors, could well have influenced the sentence the jury imposed. Upon this Court's review, the Court agrees with the Magistrate Judge's analysis of the *Van Arsdall* factors. Assuming a Confrontation Clause violation occurred, it was harmless in relation to the sentence the jury imposed.

In his objection to the Magistrate Judge's conclusion that Petitioner's sentence was not grossly disproportionate in violation of the Eighth Amendment, Petitioner again suggests that a majority in *Harmelin, supra*, actually found that proportionate sentencing should be accorded noncapital defendants. Only three of the Justices in *Harmelin v. Michigan* were of the opinion that the cruel and unusual punishments clause of the Eighth amendment encompasses a narrow

8

proportionality principle applicable to noncapital and capital sentences. *Harmlein* indeed forecloses Petitioner's argument that his sentence was excessive because he had no prior criminal record and could only present mitigating evidence if he had chosen to testify at trial.

Petitioner also objects to the Magistrate's rejection as invalid Petitioner's claim of cumulative error. Because any Confrontation Clause violation was harmless and no other constitutional errors occurred, no cumulative error occurred. *See Matthews v. Workman*, 577 F.3d 1175, 1195 n. 10 (10th Cir. 2009)(in federal habeas, the only otherwise harmless errors that can be aggregated to constitute cumulative error are federal constitutional errors), *cert. denied*, __ U.S. __, 130 S.Ct. 1900, 176 L.Ed.2d 378 (2010).

In accordance with the foregoing, the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered June 3, 2011 [Doc. No. 55] is ADOPTED in its entirety and the petition of Kevin DeWayne Winchester for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 6th day of July, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE